JOHN M. KING *et al.*, plaintiffs in error, *vs.* CALEB KING, executor, defendant in error.

Where a bill was brought by the children of Jonas King, their deceased father, to recover from the executor of their grandfather, Jonathan King their father's share being one-eighth of the estate of the said Jonathan, under the will, and the bill does not allege at what time Jonas King departed this life—whether before or after the death of the testator—and the bill was dismissed upon demurrer, for want of equity, etc. :

*Held,* That the averment of the time of the death of Jonas King was material, and that it ought affirmatively to appear that he died before the testator, to sustain this proceeding by the heirs as against the executor for distribution of the estate, claiming, under his will; for if Jonas died after the death of the testator, the present parties would have no right to proceed by bill for settlement, etc., against the executor, and would require administration on Jonas King's estate, and suit by such administrator to enforce such settlement.

King *et al. vs.* King.

Distribution of Estates.    Equity Pleading.    Before Judge HARVEY.    Gordon Superior Court.    October Term, 1870.

This cause is sufficiently reported in the opinion.

WRIGHT & FEATHERSTONE, for plaintiffs in error.

UNDERWOOD & ROWELL, for defendant.

LOCHRANE, C. J.

This was a bill brought by the children of Jonas King, their father, to recover from the executor of their grand-father's estate, one Jonathan King, of North Carolina, the one-eighth of said estate, or share of their father, Jonas King. The bill was demurred to, and dismissed by the Judge below.

In looking through this bill, we find that it is nowhere shown at what time Jonas King departed this life, and this omission is important, in the opinion of this Court.    If he died during the lifetime of Jonathan King, the testator, (and which fact ought affirmatively to appear by the bill,) then, under the law, his legacy went over to his children, the present parties, and they would have a right to proceed against the executor for their respective shares.    But, otherwise, if Jonas King survived his father, the testator, then the present parties would have no right to proceed by bill for settlement, etc., against the executor of their grand-father, and this would impose the necessity of administration on Jonas King's estate, to bring suit by such administrator, to enforce a settlement.    And upon this ground judgment is affirmed.